IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEAN VARGO and JAMES VARGO, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 2:24-cv-02795-SHL-tmp |
| SAMARA WALKER, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SECOND MOTION TO COMPEL, FOR CONTEMPT, FOR SANCTIONS, AND FOR ATTORNEY'S FEES**

On July 3, 2025, Plaintiffs filed a motion seeking a variety of sanctions against most of the Defendants for failure to comply with the Court's June 4, 2025 order[1] compelling them to produce information under Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  (ECF No. 78 at PageID 1041–43.)  The scheduling order required the parties to exchange their initial disclosures by March 12, 2025.  (ECF No. 45 at PageID 602.)  Defendant A&D Mortgage, LLC complied with the March 12 deadline, but the remaining Defendants did not.  (ECF No. 78 at PageID 1042.)  Thus, on May 13, Plaintiffs moved to compel Defendants Samara Walker; Omega Title & Escrow Services, LLC; Kylah Currie; Garmer Currie; and Anthony Smith, as Trustee of the Mose & Jones Family Living Trust, to provide their Rule 26 disclosures.  (ECF No. 68.)  The relevant Defendants never responded, and the Court granted the motion on June 4.  (ECF No. 71 at PageID 1029–30.)

Not only have Defendants refused to comply with the scheduling order, but they have

---

[1] At that time, this matter was assigned to Judge McCalla.  (See ECF No. 71.)  It has since been reassigned to the undersigned.  (ECF Nos. 72, 73.)

now refused to comply with the Court's June 4 order.[2] (ECF No. 78 at PageID 1043.) Following entry of the order, Plaintiffs' counsel consulted with Defendants about a compliance deadline. (Id. at PageID 1042.) Although the order never specified a date, Defendants Omega Title, Garmer Currie, and Kylah Currie agreed to produce the documents by June 20. (Id. at PageID 1042–43.) They did not do so. Defendant Walker never responded to Plaintiffs' counsel email, has not produced any documents, and failed to respond to this motion. (Id. at PageID 1043.)

Defendants' initial disclosures are now more than four months late. Defendants have had more than enough time to perform the most basic discovery required in every federal case—their delay is inexcusable, and it has prejudiced Plaintiffs' ability to proceed with further discovery. Defendants argue that Plaintiffs have not suffered prejudice because "no significant discovery or substantive proceedings have occurred," but that is precisely the issue—Plaintiffs cannot strategize about how to proceed in discovery without this basic preliminary information. Nevertheless, the Court never specified a date for compliance in its June 4 order. Thus, Plaintiffs' motion for sanctions is **DENIED WITHOUT PREJUDICE**. Their second motion to compel, however, is **GRANTED**.

Kylah Currie states that she is not in possession of any relevant documents to disclose and that she merely served as a notary to the underlying transaction at issue. (ECF No. 80 at PageID 1053.) However, she must still serve a disclosure to that effect. Omega Title and Garmer Currie state that they have been working with the title insurance company's attorney to

---

[2] Defendant Anthony Smith obtained new counsel on June 13, and counsel agreed to produce the relevant documents by July 7. (ECF No. 78 at PageID 1042 n.1.) Thus, Plaintiffs' motion is not directed at Smith, and they state they will file a separate motion related to Smith if the need arises. (Id.) They have not yet done so.

2

obtain and secure relevant documents and were not able to do so by June 20, as originally planned.  (Id. at PageID 1053–54.)  But they had a meeting scheduled with the company's attorney on July 11 and should have obtained the documents by the date of this order.  (Id.)  Thus, Defendants Walker, Omega Title, Kylah Currie, and Garmer Currie are **ORDERED** to submit their initial disclosures under Rule 26(a)(1)(A)(iii) by end of business on **July 25**.  Failure to do so may result in sanctions, up to and including entry of default.  If Defendants continue to withhold relevant discovery, Plaintiffs are encouraged to promptly file another motion.

    **IT IS SO ORDERED,** this 21st day of July, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
