# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JEAN VARGO and JAMES VARGO, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 2:24-cv-02795-SHL-tmp |
| | ) |
| SAMARA WALKER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING JOINT MOTION TO EXTEND DEADLINE IN WHICH TO COMPLETE DEPOSITIONS**

By joint motion filed October 22, 2025, all Parties request a sixty-day extension of the November 3, 2025 deadline to complete depositions. (ECF No. 89.) The Parties specifically request the Court to amend the Scheduling Order date for completion of depositions to January 9, 2026. (ECF No. 89 at PageID 1100.) They explain that they have good cause, as they seek to conserve discovery resources, and to avoid the cost and expense of numerous depositions as they approach the November 21, 2025 mediation. (Id. at PageID 1099.) Thus, they seek more time to continue depositions "in the event that a complete settlement of all disputes is not reached at mediation." (Id.) The Parties also assert that this deposition extension would not affect other scheduling deadlines. (Id.)

A court may only exercise its discretion to extend a deadline or modify a scheduling order for "good cause" shown. Fed. R. Civ. P. 6(b)(1), 16(b)(4). Good cause is shown by a party's diligence in attempting to meet the deadlines, lack of prejudice to the nonmoving party, and consideration of the length or number of extensions requested. Ky. Peerless Distilling, LLC v. Fetzer Vineyards Corp., No. 3:22-CV-037-CHB, 2022 U.S. Dist. LEXIS 254073, at *2 (W.D.

Ky. May 19, 2022) (citing Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)).

      Here, the Parties agreed to a scheduling order that set the deposition deadline before the ADR, thus they created the issue from which they now seek relief.  (See ECF No. 45 at PageID 603.)  In addition, extending the deposition deadline for sixty days will result in little time to prepare a dispositive motion.  Because the Parties assure the court, however, that no other deadlines need to be adjusted, including the trial date, and there is no prejudice as this is a joint motion, the Motion is **GRANTED.**  The Parties shall have until **January 9, 2026,** to complete depositions.  No further extensions of discovery deadlines, or any other deadline, will be granted.

      **IT IS SO ORDERED,** this 23rd day of October, 2025.

                                      s/ Sheryl H. Lipman
                                      SHERYL H. LIPMAN
                                      CHIEF UNITED STATES DISTRICT JUDGE